

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 11, 1957

Honorable Earl Rudder
Commissioner, General Land Office
Austin 14, Texas

Opinion No. WW-155

Re: Duties and responsibilities
of various departments and
agencies in the control and
disposition of oil and gas
leases, and the proceeds
therefrom, of University
lands.

Dear Sir:

Your letter of May 15, 1957 requested the opinion of
the Attorney General upon the following matter:

"It thus appears that there are at
least five departments or agencies con-
cerned with oil and gas leases covering
University lands. In view of this fact
and in view of the fact that there may be
some area where responsibility is not
clearly defined by statute, on behalf of
the Board for Lease of University lands,
I respectfully request that you give me
your official opinion outlining in detail
the specific duties and responsibilities
of the following departments or agencies
particularly with regard to

(a) the filing of reports and in-
struments affecting title to
University oil and gas leases,

(b) receiving and accounting, in-
cluding the initial verification
of data, for royalty and other
payments made under the leases,

(c)  post-auditing of the leases,

(d)  the adequacy of documents support-
     ing oil and gas payments, and

(e)  amendment or extension of such leases:

     1.  Commissioner of the General
         Land Office

     2.  Board for Lease of University
         lands

     3.  Board of Regents of the Uni-
         versity of Texas under whose
         supervision the following of-
         fices are operated

         a.  University Audit Section
         b.  Midland Office- University
             lands and geology
         c.  oil field supervision

     4.  University Audit section

     5.  State Auditor

        You mentioned Articles 2603a, 2603b, 5341e, 5382c,
4413a-13, V. A. C. S., and the Appropriations Act of 1955 as
having to do with these questions. None of the statutes you
referred to in your letter have received judicial interpre-
tation upon the points for which you requested information.

        The Commissioner of the General Land Office has the
following statutory duties:

        a.  He is a member of the Board for Lease of
            University lands, Art. 2603a(1), V.A.C.S.
        b.  He is authorized to execute leases for
            the Board for Lease, Art. 2603a (8)(a),V.A.C.S.
        c.  He is custodian for the surveys and data
            made under the powers granted the Board
            of Regents of University of Texas, Art.
            2603b(1), V.A.C.S.
        d.  He is authorized to receive the full amount
            of bonus payments for leases, Art. 2603a(5)
            (S.B. 73, 55th Leg.) V.A.C.S.

e. He is authorized to execute oil and gas leases and is directed to keep a copy thereof in his files, Art. 2603a(8) (a), V.A.C.S.

f. He is directed to extend leases under certain conditions, Art. 2603a (8)(b), V.A.C.S.

g. He is directed to receive shut-in gas payments, Art. 2603a (8b) (Id),V.A.C.S.

h. He is directed to receive royalty payments under leases and may inspect the records of production of lessors, Art. 2603a(11), V.A.C.S.

i. He is directed to receive surveys, records, etc., of University lands.

j. He is directed to receive all moneys paid under oil and gas leases Art. 2603a(14), V.A.C.S.

k. He is directed to transmit all moneys received, except the additional one per cent special fee, to the State Treasurer for deposit to the credit of the Permanent University Fund. Art. 2603a (14), V.A.C.S.

l. He is directed to transmit the additional one per cent special fee, hereinafter referred to as the "special fee", such "special fee" being provided for in Art. 2603a(14), which statute directs that it be transmitted to the Comptroller of the University of Texas to be disbursed according to law, and especially according to the provisions of Art. 2603a(5), V.A.C.S.

The Board for Lease of University lands is:

a. Created by virtue of Art. 2603a(1), V.A.C.S.

b. Entitled to receive reports of oil and gas activities by the geologists hired by the Board of Regents of the University, Art. 2603b(2), V.A.C.S.

c. Confined to procedures for lease by Art. 2603a(4), V.A.C.S.

d. Empowered to lease under the terms and conditions set forth in Art. 2603a(7), V.A.C.S.

e. Allowed to prorate or reduce production for limited period of time, Art. 2603a (8) (c), V.A.C.S.

    f.   Allowed to suspend the running of
the term of a lease for limited
periods of time under certain con-
ditions, Art. 5341e, V.A.C.S.

The *University Board of Regents* is given the following
powers:

    a.   It is given the duty to conduct
surveys of University lands, com-
pile records, etc., Art. 2603b(1),
V.A.C.S.

    b.   It is authorized to employ a geolo-
gist and is entitled to be kept in-
formed of oil and gas activities
affecting University lands which
this geologist discovers, Art. 2603b(2),
V.A.C.S.

    c.   It is entitled to payment by the Com-
missioner of the General Land Office
of the "special fee" required in addi-
tion to the bonus payments in oil and
gas leases of University lands, Art.
2603a(5), V.A.C.S.

    d.   As members of the Board of Regents
any member thereof may inspect pro-
duction records on oil and gas leases
on production, Art. 2603a(11),V.A.C.S.

    e.   It is entitled to receive the afore-
mentioned one per cent from the Land
Commissioner, Art. 2603a (14), V.A.C.S.

The *University Audit Section* is authorized by impli-
cation in Art. 2603b(3), V.A.C.S., and its services are paid
for out of the one per cent in addition to the bonus to be
collected as authorized by Art. 2603a(5), V.A.C.S. There ap-
pears to be no statutory provisions giving the University
Audit Section any special powers to dictate the type and
kinds of reports and instruments affecting title or records
of oil and gas runs and it is submitted that Art. 2603a(18)
would be controlling. This subsection gives the Board for
Lease of University Lands the power to "adopt such forms and
contracts and. . . promulgate such rules and regulations not
inconsistent with the terms of this act, as in its judgment
will best effectuate the purpose of this act and best protect
the University, its lands, and income therefrom." Thus, it
is our opinion that the University Audit Section is rele-
gated to audit, rather than accounting duties.

The <u>State Auditor</u> is authorized under Art. 4413a(13), V.A.C.S., Art. 4413a(14), V.A.C.S. and Art. 4413a(22), V.A.C.S., to conduct audits, independent of the powers invested in the Land Commissioner, Board of Regents of the University of Texas, or Board for Lease of University Lands.

## SUMMARY

The duties and responsibilities of the various State agencies with reference to the leasing of University lands for oil and gas, and the disposition of the proceeds realized therefrom, are governed by the provisions of Art. 5341e, V.A.C.S., Art. 5382c,V.A.C.S., Art.2603a, V.A.C.S., Art. 2603b, V.A.C.S., and Art. 4413a(13), V.A.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Joe G. Rollins
Assistant

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman

J. W. Wheeler
Byron Fullerton
Richard Wells

REVIEWED FOR THE ATTORNEY GENERAL:

Geo. P. Blackburn